[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO CLAIM OF TERESA P. SUTTON VS. ADRIAN PINTO and ROSEMARY PINTO
Judgment after default in the amount of $3,000.00 plus costs of $116.20 having entered on April 2, 1990, in favor of the plaintiff, Teresa P. Sutton, against the defendant, Linda Palmer, there remains for decision by this court, the claim of Teresa P. Sutton against the defendants, Adrian Pinto and Rosemary Pinto.
This is an action by a lessee against her lessor for the return of a security deposit (twice the value thereof) and for fuel oil left in the tank.
On or about January 13, 1984, the plaintiff, as lessee, and the defendants, Adrian Pinto and Rosemary Pinto, as lessors, entered into an agreement for the use and occupancy of a dwelling unit at 112 Paugassett Lane, Huntington, Connecticut at a monthly rent of $750.00 from February 15, 1984 to February 15, 1985. At said time, the plaintiff paid to said defendants, the sum of $1,500.00 as a security deposit for said dwelling unit. On or about February 15, 1985, the lease was renewed for the period from February 15, 1985 to February 15, 1986.
During the month of November, 1985, the defendants, Pinto, informed the plaintiff that they desired to sell the leased premises. Later that month said defendants informed the plaintiff that the defendant, Linda Palmer, was under contract to purchase said leased premises. On December 9, 1985, the defendants, Pinto conveyed title to the leased premises to the defendant, Palmer, and assigned the security deposit to said defendant, Palmer. At the closing of title, the defendants, Pinto, received no payment for the fuel oil remaining in the tank.
Although the term of the then current lease was for the period from February 15, 1985 to February 15, 1986, the plaintiff claims that on December 8, 1985, she vacated the premises and terminated the tenancy by agreement with the defendants.
The defendants, Pinto, deny that there was any agreement with them to terminate the tenancy prior to February 15, 1986, and claim that if the tenancy was terminated, it occurred after December 9, 1985, at which time the defendants, Pinto, were no longer the lessors.
The following portions of Connecticut General Statutes, Section47a-21 are relevant to the decision in this matter:
 (c) Assignment of landlord's security interest in security deposits to successor. Any security deposit paid by a tenant shall remain the property of such tenant in which CT Page 96 the landlord and his successor shall have a security interest, as defined in subsection (37) of section 42a-1-201 to secure such tenant's obligations. Any voluntary or involuntary transfer of a landlord's interest in residential real estate to a successor shall constitute an assignment to such successor of such landlord's security interest in all security deposits paid by tenants of such transferred real estate.
 (d) Payment of security deposit and interest at termination of tenancy. (1) Within the times specified in subdivisions (2) and (4) of this subsection, the person who is the landlord at the time a tenancy is terminated, other than a rent receiver, shall pay to the tenant or former tenant: (A) The amount of any security deposit that was deposited by the tenant with the person who was landlord at the time such security deposit was deposited less the value of any damages which any person who was landlord of such premises at any time during the tenancy of such tenant has suffered as a result of such tenant's failure to comply with such tenant's obligations; and (B) any accrued interest due on such security deposit as required by subsection (i) of this section. -----.
 (2) Upon termination of a tenancy, any tenant may notify his landlord in writing of such tenant's forwarding address. Within thirty days after termination of a tenancy, each landlord, other than a rent receiver shall deliver to the tenant or former tenant at such forwarding address either (A) the full amount of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section, or (B) the balance of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section after deduction for any damages suffered by such landlord by reason of such tenant's failure to comply with such tenant's obligations, together with a written statement itemizing the nature and amount of such damages. Any landlord who violates any provision of subsection shall be liable for twice the value of any security deposit paid by such tenant.
 (e) Liability of receiver and successor to landlord's in property re payment of security deposit. A. sucessor, other than a receiver, to a landlord's interest in residential real property shall be liable for the claims of tenants of such property for return of any part of such security deposit which is or becomes due to such tenant during the time such successor is a landlord.
After a trial on the merits, the court finds that the plaintiff did CT Page 97 not terminate her tenancy prior to the time that the defendants, Pinto, transferred their interest in the residential real estate to the defendant, Palmer, on December 9, 1985. As a result, the defendants, Pinto, were not the landlord at the time of any termination of the tenancy, and, therefore, are not responsible for the return of any security deposit.
Accordingly, as between the plaintiff and the defendants, Adrian Pinto and Rosemary Pinto, judgment shall enter in favor of the defendants.
MORTON I. RIEFBERG, JUDGE